UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. AMERSON,<br><br>    Plaintiff,<br><br>v.<br><br>KINDREDCARE, INC.,<br><br>    Defendant. | Case No. C-12-05715 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE [DOCKET NO. 5]** |

## I.   INTRODUCTION

Plaintiff filed a civil rights complaint in this action on November 7, 2012. He asserts claims for race discrimination under Title VII and sex discrimination and illegal retaliation under Title IX. Defendants bring a Motion to Dismiss ("the Motion") seeking dismissal under Rule 12(b)(6) of all three claims on the grounds that the Title VII claim was not timely filed and the Title IX claims do not apply to Defendant Kindredcare, Inc. ("Kindredcare") because it is not an educational institution or program. The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the motion hearing set for Friday, February 22, 2013. For the reasons stated below, the Motion is GRANTED.[1]

## II.   BACKGROUND

### A.   Complaint

Plaintiff alleges that "Defendant is a contract provider of health rehabilitation services to hospitals and health care organizations in California and elsewhere." Complaint ¶ 4. Plaintiff

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1  further alleges that as a social worker employed by Defendant, Plaintiff's "duties included
2  providing case coordination and a full range of social work services to patients and their families,
3  including assessment, treatment planning and therapeutic interventions." *Id*. ¶¶ 9.
4  According to the Complaint, in March 2011, Plaintiff noticed an "abrupt change" in the way his
5  supervisor behaved toward him. *Id*. ¶ 10. He alleges that between March 2011 and February 27,
6  2012, when he was terminated, he was subjected to a hostile work environment based on his race
7  and sex. *Id*. ¶ 11. He further alleges that he was terminated based on his race and gender and in
8  retaliation for complaining about the discriminatory treatment to which he was subjected. *Id*.,
9  ¶¶13-14.

10  Plaintiff alleges that after the termination of his employment by Defendant, he timely filed
11  a complaint of race discrimination, sex discrimination, and retaliation with the California
12  Department of Fair Employment and Housing ("DFEH"). *Id.* ¶ 6. On July 9, 2012, the DFEH
13  issued Plaintiff a letter containing a finding of no discrimination and the complaint was forwarded
14  to the U.S. Equal Employment Opportunity Commission ("EEOC") for further review. *Id*. ¶ 7.
15  Plaintiff alleges that the EEOC issued a letter adopting the findings of the DFEH, which Plaintiff
16  received on August 7, 2012. *Id*. ¶ 8.

17  **B.  Motion**

18  In its Motion, Kindredcare seeks dismissal of Plaintiff's claims on two grounds. First, it
19  asserts that the Title VII claim (Claim I) is untimely because it was filed 92 days after Plaintiff
20  received a right-to-sue letter from the EEOC whereas Title VII requires that a complaint be
21  initiated within 90 days. Motion at 3 (citing 42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly*
22  *Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997)). According to Kindredcare, the 90-day rule is
23  strictly enforced, and failure to bring suit within that time is grounds for dismissal. *Id*. at 3-4
24  (citing *Papillon v. San Francisco Unified Sch. Dist*., 2012 U.S. Dist. LEXIS 147470 (N.D. Cal.
25  Oct. 12, 2012); *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1982); *O'Donnell v. Vencor*
26  *Inc*., 466 F.3d 1104, 1110 (9th Cir. 2006); *Johnson v. Al Tech Specialties Steel Corp*., 731 F.2d
27  143, 146 (2d Cir. 1984); *Prophet v. Armco Steel, Inc*., 575 F.2d 579 (5th Cir. 1978); *Lucas v.*
28  *Brown & Root, Inc*., 736 F.2d 1202, 1203 (8th Cir. 1984)). Therefore, Kindredcare asserts that

Claim I should be dismissed.

Kindredcare further contends that Claims II and III, which are asserted under Title IX of the Education Amendment of 1972, should be dismissed for failure to state a claim. *Id*. at 5-6. According to Kindredcare, Title IX prohibits discrimination on the basis of sex, as well as retaliation, by "any education program or activity receiving Federal financial assistance . . . ." *Id.* (citing 20 U.S.C. § 1681(a); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183 (2005)). Because Plaintiff has not alleged that Kindredcare is an "education program or activity receiving Federal financial assistance" but rather, that it is "a contract provider of health rehabilitation services to hospitals and health care organizations in California and elsewhere," Kindredcare contends that it is not a proper defendant as to Claims II and III, which should be dismissed. *Id*. at 6.

Finally, Kindredcare asserts that all of Plaintiff's claims should be dismissed without leave to amend because there is no way that the deficiencies identified in its Motion can be cured. *Id*. at 6.

**C.     Opposition**

In his opposition, Plaintiff does not dispute that the 90-day deadline for filing his complaint expired on November 5, 2012, two days before the complaint was filed. Rather, he contends that the doctrine of equitable tolling should be applied because his counsel was unaware that he could not file the complaint using the Court's electronic filing system. Opposition at 3. In his Opposition brief, Plaintiff offers the following explanation for the late filing:

> Plaintiff's counsel attempted to electronically file the Complaint, and an application to appear before the Court *pro hac vice* on November 5, 2012. It was Plaintiff's counsel's first experience with electronic filing in this Court. Upon discovery of the apparent failure in the transmission, Plaintiff's counsel contacted the Office of the Clerk of the Court. Counsel was informed by the Office of the Clerk of the Court on November 6, 2012, that initial complaints must be filed with the Court by hand. Accordingly, counsel filed the Complaint by hand on November 7, 2012.

Opposition at 3-4.[2] Plaintiff asserts that he should not be denied his day in court because

---

[2] The Court notes that Plaintiff's counsel did not provide a sworn declaration attesting to the facts set forth in Plaintiff's Opposition brief and therefore, these statements are not admissible. *See*

1  Kindredcare was aware of his claims based on the administrative proceeding and was not
2  prejudiced by the two-day delay, and Plaintiff's conduct was reasonable and in good faith. *Id*. at
3  5-6. The cases cited by Defendant are distinguishable, Plaintiff asserts, because the delay in filing
4  was longer than two days in those cases. *Id*. at 6.

As to Claims II and II, Plaintiff does not dispute that he has failed to state a claim because Title IX does not apply to Kindredcare. *Id*. at 7. Rather, Plaintiff requests leave to amend his complaint to assert his claims for sex discrimination and retaliation under Title VII.

### D.     Reply

In its Reply brief, Kindredcare rejects Plaintiffs assertion that the doctrine of equitable tolling should be applied, pointing to cases holding that tolling is disfavored where a late filing is due to a claimant's failure to exercise due diligence in protecting his legal rights. Reply at 4 (citing *Scholar v. Pacific Bell*, 963 F.3d 264, 268 (9th Cir. 1992)). Kindredcare further asserts that once "a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Id.* (quoting *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003) (citing *Leorna v. United States Department of State*, 105 F.3d 548, 551 (9th Cir. 1997)). Here, Kindredcare asserts, the explanation offered by counsel -- that he did not realize that he could not use the electronic filing system to file the complaint in this action -- is unavailing because Civil Local Rule 5-1(d)(1) explicitly states that "Complaints…and other case initiating documents shall be filed and served manually rather than electronically." *Id.* Further, Plaintiff's counsel filed a request to appear pro hac vice not only in this action, on December 7, 2012, but also in a previous action before this Court, Case No. C-08-5419 PJH. *Id*. at 5; *see also* Docket No. 19 (Defendant's request for judicial notice of 1) the Application for Admission of Attorney Pro Hac Vice for Michael Martin

---

Fed. R. Civ. Proc. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions"); Civ. L. R. 7-5(a) ("contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record"). For the purposes of the instant motion, the Court assumes that this deficiency could be cured and treats the statements in Plaintiff's Opposition brief as if they were sworn under penalty of perjury.

in Case No. C-08-5419 PJH; and 2) the order granting that application).[3] Kindredcare points out that in support of both of these requests, Mr. Martin signed an affidavit agreeing to familiarize himself with the Court's local rules. *Id*. Kindred also points out that John L. Burris is listed as co-counsel on Plaintiff's complaint and that Mr. Burris's firm is staffed with attorneys admitted to this Court and familiar with its rules. *Id*. at 4-5.

Kindredcare also rejects Plaintiff's request that he be permitted to amend Claims II and III to assert Title VII claims because those claims would be time-barred and therefore amendment is futile. *Id*. at 5-6.

### III.  ANALYSIS

#### A.  Whether The Doctrine of Equitable Tolling Applies to Claim I

Title VII allows a claimant to bring a civil action for discrimination within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Supreme Court has held that the 90-day limitation period is not jurisdictional and therefore may be subject to equitable tolling. *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982). The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." *Leorna v. U.S. Dept. of State*, 105 F.3d 548, 551 (9th Cir. 1997). "However, once a claimant retains counsel, tolling ceases because she has 'gained the "means of knowledge" of her rights and can be charged with constructive knowledge of the law's requirements.'" *Id*. (quoting *Stallcop v. Kaiser Found. Hosps*., 820 F.2d 1044, 1050 (9th Cir.)). Here, this rule clearly applies.

Plaintiff's counsel is charged with knowledge of the relevant law, including the Local Rules of this Court, which clearly state that complaints must be manually filed. Mr. Martin was evidently aware that November 5, 2012, a Wednesday, was the last day to file Plaintiff's complaint. Yet he offers no explanation for failing to consult with co-counsel, John Burris, when his attempt to e-file the complaint failed; nor does he explain why he did not come to the Court that day, after his e-filing attempt failed, to manually file the complaint. Indeed, the only action he

---

[3] The Court grants Defendant's request pursuant to Rule 201 of the Federal Rules of Evidence.

1  apparently took was to leave a telephone message for the Clerk of the Court.  The next day, rather
2  than reviewing the local rules or consulting with his co-counsel, Mr. Martin apparently did
3  nothing, waiting for a return call from the Clerk.  Even after the Clerk called Mr. Martin, on
4  November 6, 2012, and informed him of the local rule prohibiting the e-filing of complaints, it
5  was not until the next day that Mr. Martin finally filed the complaint.  Counsel's delay shows a
6  lack of due diligence; under such circumstances the doctrine of equitable tolling is not applicable.
7  Accordingly, the Court dismisses Plaintiff's Title VII claim on the basis that it is untimely.

**B.    Whether Plaintiff Should Be Permitted to Amend Claims II and III**

"'Leave to amend need not be given' under Rule 15 if it would be futile to do so, such as 'if a complaint, as amended, is subject to dismissal.'" *Department of Fair Employment and Housing v. Law School Admission Council, Inc*., 2013 WL 485830, at *7 (N.D. Cal., Feb. 6, 2013) (quoting *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538 (9th Cir.1989)).  Because the deadline for asserting a Title VII claim has expired and there is no basis for finding that Plaintiff's claims are equitably tolled, the Court finds that amendment would be futile and therefore denies Plaintiff's request to amend Claims II and III of his complaint.

**IV.    CONCLUSION**

For the reasons stated above, the Motion is GRANTED.  Plaintiff's complaint is dismissed, in its entirety, with prejudice.

Dated: February 20, 2013

_____
Joseph C. Spero
United States Magistrate Judge