1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   ANTHONY A. AMERSON,                        Case No. 12-cv-05715-JCS
                    Plaintiff,
8
            v.                                 **ORDER DENYING MOTION FOR
9                                              RECONSIDERATION**

10  KINDREDCARE, INC.,                         Re: Dkt. No. 26
                    Defendant.
11

12

13          On April 25, 2013, Plaintiff filed a Motion for Reconsideration ("the Motion") of the

14  Court's order dismissing Plaintiff's complaint on the basis of untimeliness.  In that Order, the

15  Court found that there was no equitable tolling because the delay resulted from a lack of diligence

16  on the part of Plaintiff's counsel, who was unaware that under Civil Local Rule 5-1(d)(1) a

17  complaint must be manually filed.  The Motion is DENIED.

18          In the Motion, Plaintiff does not identify the rule under which he is seeking reconsideration

19  of the Court's Order.  Although Civil Local Rule 7-9 permits a party to bring a motion to

20  reconsider, that rule applies only *prior* to the entry of judgment.  S*ee* Civ. L.R. 7-9(a).  Thus, the

21  Court assumes that Plaintiff's Motion is brought pursuant to Rule 59(e) of the Federal Rules of

22  Civil Procedure.  That rule permits a party to bring a motion to alter or amend judgment no later

23  than 28 days after the entry of judgment.  The Clerk issued its order dismissing Plaintiff's

24  complaint, and entered judgment in this case, on February 20, 2013.[1]  Using the rules for

25  computation of time set forth in Rule 6(a)(1) of the Federal Rules of Civil Procedure, Plaintiff's

26

27  [1] In the Motion, Plaintiff describes the Court's order as the "Order of March 20, 2013."  Motion at
    1.  The Court's order dismissing the complaint, like the judgment that was entered against
28  Plaintiff, was filed on *February* 20, 2013.  The Court did not file any subsequent order in this
    case, including on March 20, 2013.

United States District Court
Northern District of California

1    Motion was filed 64 days after the entry of judgment, that is 36 days after the deadline for filing a

2    Rule 59(e) Motion had passed.  On that basis, the Motion is DENIED.

3          Further, even assuming that the Motion were timely filed, the Court would deny the

4    Motion on the ground that Plaintiff merely repeats his previous argument that the Court should

5    excuse his lack of familiarity with the Rules of this Court.  *See Garfield v. Astrue,*  2009 WL

6    281930, at *1 (N.D.Cal., Feb. 5, 2009).  As the court in *Garfield* explained, "[a] motion under

7    FRCP 59(e) is intended for 'highly unusual circumstances' and should not be used by losing

8    parties to reargue motions as a matter of course."  *Id.* (quoting *McDowell v. Calderon*, 197 F.3d

9    1253, 1255 (9th Cir.1999)).

10         Finally, to the extent Plaintiff's counsel suggests his delay is excusable based, in part, on

11   the "deficient vagueness in the [e-filing] system's acknowledgment procedure, and a somewhat

12   unhurried response by the Office of the Clerk," Plaintiff's argument is not well-taken.  It is not the

13   responsibility of the Clerk's Office to instruct Mr. Martin as to the requirements of this Court's

14   Rules.  Rule 5-1(d)(1) is crystal clear, stating that "[c]omplaints, indictments and informations,

15   including superseding indictments and informations, and other case-initiating documents shall be

16   *filed and served manually rather than electronically.*"  Civ. L.R. 5-1(d)(1) (emphasis added).  In

17   any event, Mr. Martin concedes in his declaration that he received a call back from the Clerk on

18   the *same day* he left his message.

19         The Motion is DENIED.

20              IT IS SO ORDERED.

21   Dated:  May 6, 2013

22

23   _____

24   JOSEPH C. SPERO
     United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California

2