UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. AMERSON,<br>   Plaintiff,<br>  v.<br>KINDREDCARE, INC.,<br>   Defendant. | Case No. 12-cv-05715-JCS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 26 |

On April 25, 2013, Plaintiff filed a Motion for Reconsideration ("the Motion") of the Court's order dismissing Plaintiff's complaint on the basis of untimeliness. In that Order, the Court found that there was no equitable tolling because the delay resulted from a lack of diligence on the part of Plaintiff's counsel, who was unaware that under Civil Local Rule 5-1(d)(1) a complaint must be manually filed. The Motion is DENIED.

In the Motion, Plaintiff does not identify the rule under which he is seeking reconsideration of the Court's Order. Although Civil Local Rule 7-9 permits a party to bring a motion to reconsider, that rule applies only *prior* to the entry of judgment. S*ee* Civ. L.R. 7-9(a). Thus, the Court assumes that Plaintiff's Motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. That rule permits a party to bring a motion to alter or amend judgment no later than 28 days after the entry of judgment. The Clerk issued its order dismissing Plaintiff's complaint, and entered judgment in this case, on February 20, 2013.[1] Using the rules for computation of time set forth in Rule 6(a)(1) of the Federal Rules of Civil Procedure, Plaintiff's

---

[1] In the Motion, Plaintiff describes the Court's order as the "Order of March 20, 2013." Motion at 1. The Court's order dismissing the complaint, like the judgment that was entered against Plaintiff, was filed on *February* 20, 2013. The Court did not file any subsequent order in this case, including on March 20, 2013.

1  Motion was filed 64 days after the entry of judgment, that is 36 days after the deadline for filing a
2  Rule 59(e) Motion had passed.  On that basis, the Motion is DENIED.
3        Further, even assuming that the Motion were timely filed, the Court would deny the
4  Motion on the ground that Plaintiff merely repeats his previous argument that the Court should
5  excuse his lack of familiarity with the Rules of this Court.  *See Garfield v. Astrue,*  2009 WL
6  281930, at *1 (N.D.Cal., Feb. 5, 2009).  As the court in *Garfield* explained, "[a] motion under
7  FRCP 59(e) is intended for 'highly unusual circumstances' and should not be used by losing
8  parties to reargue motions as a matter of course."  *Id.* (quoting *McDowell v. Calderon*, 197 F.3d
9  1253, 1255 (9th Cir.1999)).
10       Finally, to the extent Plaintiff's counsel suggests his delay is excusable based, in part, on
11 the "deficient vagueness in the [e-filing] system's acknowledgment procedure, and a somewhat
12 unhurried response by the Office of the Clerk," Plaintiff's argument is not well-taken.  It is not the
13 responsibility of the Clerk's Office to instruct Mr. Martin as to the requirements of this Court's
14 Rules.  Rule 5-1(d)(1) is crystal clear, stating that "[c]omplaints, indictments and informations,
15 including superseding indictments and informations, and other case-initiating documents shall be
16 *filed and served manually rather than electronically*."  Civ. L.R. 5-1(d)(1) (emphasis added).  In
17 any event, Mr. Martin concedes in his declaration that he received a call back from the Clerk on
18 the *same day* he left his message.
19       The Motion is DENIED.
20         IT IS SO ORDERED.
21 Dated: May 6, 2013

                                                               JOSEPH C. SPERO
                                                                United States Magistrate Judge

United States District Court
Northern District of California